IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT LEE FILLMORE                                          PLAINTIFF


        v.                          CIVIL NO. 11-5206


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                              DEFENDANT


### MEMORANDUM OPINION

        Plaintiff, Robert Lee Miller, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

I.      **Procedural Background:**

        The applications for DIB and SSI presently before this Court were protectively filed on

November 3, 2004, alleging an inability to work since August 3, 2003, due to back pain,

degenerative disc disease, depression, anxiety, panic and anxiety attacks, and paranoia.  (Tr. 48,

196).  An administrative hearing was held on March 8, 2007, at which Plaintiff appeared with

counsel and testified.  (Tr. 210-236).

In a written decision dated July 20, 2007, the ALJ found that Plaintiff retained the RFC to perform sedentary work with limitations. (Tr. 10-23). The Appeals Council declined review of the ALJ's decision on October 24, 2008. (Tr. 2-5). Plaintiff appealed this decision in federal district court.

In a decision dated February 5, 2010, the Court remanded Plaintiff's case back to the Commissioner. (Tr. 1NN). The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on June 25, 2011. (Tr. 1C, 1LL).

On July 7, 2010, a supplemental hearing before the ALJ was held, at which Plaintiff appeared with counsel and testified. (Tr. 367-391). The ALJ noted that Plaintiff's subsequent application for DIB and SSI filed on December 22, 2008, was merged with his applications for benefits currently before this Court. (Tr. 1P). For DIB purposes, Plaintiff maintained insured status through December 31, 2008. (Tr. 1Q).

By written decision dated December 20, 2010, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe. (Tr. 1S). Specifically, the ALJ found Plaintiff had the following severe impairments: a disorder of the back, depression, anxiety, and borderline intellectual functioning. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 1S). The ALJ found Plaintiff retained the RFC to:

> perform sedentary work as defined in 20 CFR 404.1657(a) and 416.967(a) in that the claimant can occasionally lift and carry 10 pounds and frequently less than 10 pounds. He can sit for six hours in an eight-hour day and can stand and walk for two hours during an eight-hour day. He can occasionally climb, balance, crawl, kneel, stoop and crouch. Nonexertionally, he can follow rules and remember

AO72A
(Rev. 8/82)

> simple one- and two-step instructions.  He can attend to simple, repetitive tasks
> for two-hour time blocks.  He is able to make simple, work-related decisions and
> respond to minor changes in the work routine with minimal supervision.  He
> cannot work with the public or in close coordination with others.  However, he
> is able to work in the presence of others and accept supervision and feedbacks
> within a non-stressful routine.

(Tr. 1U).  With the help of vocational expert testimony, the ALJ found Plaintiff could perform

work as an assembler and a driver.  (Tr. 1AA).

Plaintiff now seeks judicial review of that decision. (Doc. 1).  This case is before the

undersigned pursuant to the consent of the parties. (Doc. 5).  Both parties have filed appeal

briefs, and the case is now ready for decision.  (Docs. 5,6).

The Court has reviewed the entire transcript.  The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other

words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520,416.920.

-4-

III.    **Discussion:**

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled because (1) the ALJ erred in failing to consider all of the claimant's impairments in combination; (2) the ALJ erred in his analysis and credibility findings in regard to the claimant's subjective complaints of pain; (3) the ALJ erred in finding that the claimant retains the residual functional capacity to perform less than a full range of sedentary work; and (4) the ALJ erred in disregarding the opinions and findings of the primary treating physicians.  Defendant argues substantial evidence supports the ALJ's determination.

A.    **Combination of Impairments:**

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 1R)  The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments.  (Tr. 1S).  Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments.  Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence showing that the ALJ considered all of Plaintiff's alleged impairments both singularly and in combination.

AO72A
(Rev. 8/82)

**B.      Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.

The Court notes that the medical evidence revealed that Plaintiff last sought treatment from Dr. Stevan M. Van Ore, a primary care physician, in June of 2005. (Tr. 151). While it appears Plaintiff continued to receive prescriptions for Plaintiff's alleged pain from Dr. Van Ore through at least April of 2006, more recent records from Plaintiff's current primary care physician, Dr. Scott Fedosky, indicated Plaintiff was prescribed an antibiotic, and medication generally used to treat allergies. (Tr. 239-244). The record further revealed that Plaintiff was able to drive, take care of personal needs, to take care of his minor daughter, to watch movies, and to use the internet. (Tr. 148, 159, 364-365). Accordingly, the Court concludes that

-6-

substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**C.      The ALJ's RFC Determination and Treating Physician Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir.2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at

AO72A
(Rev. 8/82)

1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. § 404.1527(d)(2))

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  The Court notes that in determining Plaintiff's RFC, the ALJ specifically discussed the examining notes and the findings of Dr. Van Ore, Dr. C.R. Magness, Dr. Gene Chambers, Dr. Brian Mooney, Dr. Richard Back, and Dr. Stephen Nichols. The ALJ also addressed the findings of the non-examining medical consultants.  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

### D.    Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as an assembler and a driver. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

-8-

should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 23rd day of July, 2012.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)